**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
NORTHWEST COALITION FOR         )
ALTERNATIVES TO PESTICIDES,     )
                               )
            Plaintiff,          )
                               )
        v.                      )   Civ. Action No. 99-0437 (EGS)
                               )
ENVIRONMENTAL PROTECTION        )
AGENCY,                         )
                               )
            Defendant.          )
_____)
```

## OPINION

Plaintiff Northwest Coalition for Alternatives to Pesticides ("NCAP") brought suit against the Environmental Protection Agency ("EPA") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Plaintiff sought production of documents responsive to an April 18, 1997 request for copies of substantiation comments submitted by five companies.  Plaintiff claimed that EPA's failure to fully respond to its FOIA request, and its delay in responding, was a violation of FOIA.  Plaintiff also argued that the EPA regulation, pursuant to which the agency withheld a substantiation letter responsive to NCAP's April 18, 1997 request, violated FOIA and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.

Both parties filed motions for summary judgment and on March 28, 2003, this Court granted in part plaintiff's motion and granted in part defendant's motion.  The Court concluded that the

defendant's response to the plaintiff's April 18, 1997 FOIA request violated FOIA and therefore granted summary judgment for plaintiff on that claim.  The Court granted summary judgment for the defendant on the APA claim.  Finally, the Court remanded the case to the defendant EPA "for an explanation of whether the agency has determined that all of the information redacted by Uniroyal from its substantiation letter is properly withheld under FOIA."  *See Northwest Coalition for Alternatives to Pesticides v. EPA*, No. 99-0437 (March 28, 2003).

Pursuant to the Court's remand, defendant EPA filed a supplemental *Vaughn* declaration on May 16, 2003.  In its supplemental declaration, the agency stated that it had conducted another review of the information redacted by Uniroyal and had determined that this information was properly withheld pursuant to Exemption 4 of FOIA.  *See* Supplemental *Vaughn* Declaration of Robert A. Friedrich.

Pending before the Court are plaintiff's Motion for Entry of Judgment and defendant's Renewed Motion for Summary Judgment. For the foregoing reasons, the Court determines that plaintiff's motion should be **DENIED** and defendant's motion should be **GRANTED.**

## II.  DISCUSSION

### A. Plaintiff's Motion for Entry of Final Judgment

Plaintiff NCAP argues it is entitled to entry of final judgment in its favor based on the Court's initial ruling that

2

EPA violated FOIA.  Therefore, plaintiff moves the Court for
entry of final judgment pursuant to Rule 54 and Rule 58(e) of the
Federal Rules of Civil Procedure.  Plaintiff asserts that the
entry of final judgment is required pursuant to Fed. R. Civ. P.
54(d)(2)(A) before plaintiff can petition the Court for an award
of attorneys' fees and costs.  The Court disagrees.

Fed. R. Civ. P. 54(d)(2)(A) provides, "Claims for attorneys'
fees and related non-taxable expenses shall be made by motion
unless the substantive law governing the action provides for the
recovery of such fees as an element of damages to be proved at
trial."  In order to be awarded attorneys' fees under FOIA,
plaintiff must establish that it "substantially prevailed" in the
case.  5 U.S.C. § 552(a)(4)(e).  Our Circuit has held that in a
FOIA case, "to become eligible for an award of attorneys' fees,
[plaintiff] must have 'been awarded some relief by [a] court,'
either in judgment on the merits or in a court-ordered consent
decree."  *See Oil, Chem. and Atomic Workers Int'l Union, AFL-CIO
v. Dep't of Energy*, 288 F.3d 452, 456-57 (D.C. Cir. 2002).
Relevant law may, or may not, persuade plaintiff of an
entitlement to file a petition for attorney fees, in view of the
circumstances presented in this case.

With this Opinion and its accompanying Order, a final,
appealable order will be entered in this case for purposes of
Rule 58.  The Court does not believe a final judgment in

3

plaintiff's favor is appropriate at this stage in the proceedings, however, and thus plaintiff's motion is **DENIED**.

### B. Defendant's Motion for Summary Judgment

Summary judgment should be granted pursuant to Fed. R. Civ. P. 56 only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). In ruling upon a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986); *Bayer v. United States Dep't of Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992).

In a suit brought to compel production pursuant to FOIA, an agency is entitled to summary judgment "if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced ... or is wholly exempt from the Act's inspection requirements.'" *Students Against Genocide v. U.S. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)); *see Billington v. United States Dep't of Justice*, 233 F.3d 581, 583-84 (D.C. Cir. 2000).

In support of its motion for summary judgment, defendant contends that it has complied with this Court's March 28, 2003 Order by submitting the supplemental explanation for EPA's

4

determinations under FOIA.  Def. Mot. at 1-2.  In that submission, EPA explains that it conducted another review of the information redacted by Uniroyal in Uniroyal's substantiation letter and determined that the information was properly withheld from plaintiff under FOIA's Exemption 4.  Def. Mot. at 3. Defendant correctly points out that plaintiff does not contest that determination or make any other claims under FOIA.  *Id.* (citing Pl. Mot. at 1).  Thus, defendant maintains, there are no genuine issues of fact remaining and defendant is entitled to summary judgment now that it has complied with its FOIA obligations.

It is not without precedent for a district court to grant a defendant's renewed motion for summary judgment after initially denying that defendant's motion for summary judgment and remanding with instructions to the defendant to provide further detail or take some other action to bring the defendant into compliance with FOIA.  *See, e.g., Raulerson v. Ashcroft*, 2003 WL 102950 (D.D.C. 2003); *Summers v. Dep't of Justice*, 934 F. Supp. 458 (D.D.C. 1996); *Putnam v. Dep't of Justice*, 880 F. Supp. 40 (D.D.C. 1995); *Gray v. Dep't of Justice*, 1994 WL 447026 (D.D.C. 1994); *Ctr. for Nat'l Sec. Studies v. Dep't of State*, 1987 WL 17065 (D.D.C. 1987); *Greenspun v. Comm'r of Internal Revenue*, 622 F. Supp. 551 (D.D.C. 1985).

In the instant case, the plaintiff has successfully obtained all of the documents to which it is entitled under FOIA and there is no more for the Court to do.  *See Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)("We would simply note at this juncture that, however fitful or delayed the release of information under the FOIA may be, once all the requested records are surrendered, federal courts have no further statutory function to perform.") Therefore, defendant's motion for summary judgment is **GRANTED.**

**III. CONCLUSION**

Having considered the plaintiff's motion for final judgment, the defendant's motion for summary judgment, the responses and replies thereto, the entire record herein, and the applicable statutory and case law, the Court concludes that plaintiff is not entitled to entry of final judgment in its favor and that defendant is entitled to summary judgment.

An appropriate Order accompanies this Opinion.


**Signed:    Emmet G. Sullivan**
**            United States District Judge**
**            March 16, 2005**


Notice via ECF to all counsel of record