**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
NORTHWEST COALITION FOR        )
ALTERNATIVES TO PESTICIDES,    )
                              )
          Plaintiff,           )
                              )
     v.                        )     Civ. Action No. 99-0437 (EGS)
                              )
ENVIRONMENTAL PROTECTION       )
AGENCY,                        )
                              )
          Defendant.           )
_____)
```

**<u>MEMORANDUM OPINION</u>**

Pending before the Court is plaintiff Northwest Coalition for Alternatives to Pesticides' ("NCAP") Motion for an Award of Attorney Fees and Costs in the amount of $41,711.69. The request arises from NCAP's lawsuit against defendant, Environmental Protection Agency ("EPA"), pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff argues that it is eligible for attorney's fees because it substantially prevailed when the Court granted partial summary judgment to plaintiff in its order of March 28, 2003, finding that EPA "violated FOIA in failing to provide an adequate response to NCAP's April 1997 FOIA request." *Northwest Coalition for Alternatives to Pesticides v. Whitman ("NCAP")*, 254 F. Supp. 2d 125, 134 (D.D.C. 2003). Plaintiff next contends that it is entitled to fees because the action resulted in a public benefit, plaintiff's interest in the case is "public-interest oriented" rather than commercial, and

the government had unreasonably withheld the records.  Finally, plaintiff maintains that its request of $41,711.69 in fees and costs is reasonable.

Defendant responds that plaintiff did not prevail because the Court ultimately granted defendant's renewed Motion for Summary Judgment, and no documents were released.  Defendant also argues that even if plaintiff could establish that it was a prevailing party, plaintiff is not entitled to attorney's fees under FOIA because there is a lack of public benefit and because EPA's withholdings were reasonable.  Finally, defendant contends that the hours and rates claimed by plaintiff are excessive.

Upon consideration of plaintiff's motion, and the responses and replies thereto, the Court concludes that plaintiff did substantially prevail and that it is entitled to attorney's fees. The Court finds, however, that plaintiff should not be compensated for the unnecessary litigation of its Motion for Entry of Judgment and has subtracted those hours from plaintiff's fees request.[1]  Accordingly, plaintiff's motion is **GRANTED IN PART and DENIED IN PART.**

### I.    Procedural Background

Plaintiff's claim arises from an April 18, 1997 request for

---

[1]As described below, the Court has insufficient information at this juncture to determine the exact amount of fees to be awarded.  Therefore, plaintiff is directed to submit an amended fee report consistent with this Memorandum Opinion.

copies of substantiation comments submitted by five companies.
Plaintiff brought this suit claiming that EPA's failure to fully
respond to its FOIA request, and its delay in responding, was a
violation of FOIA.  Plaintiff also argued that the EPA
regulation, pursuant to which the agency withheld a
substantiation letter responsive to NCAP's April 18, 1997
request, violated FOIA and the Administrative Procedure Act
("APA"), 5 U.S.C. § 706.

Both parties filed motions for summary judgment and, on
March 28, 2003, this Court granted in part plaintiff's motion and
granted in part defendant's motion.  *NCAP v. Whitman*, 254 F.
Supp. 2d 125 (D.D.C. 2003).  The Court granted summary judgment
for the defendant on the APA claim.  On the FOIA claim, the Court
granted summary judgment for plaintiffs, concluding that the
defendant's response "violated FOIA in failing to provide an
adequate response to NCAP's April 1997 FOIA request."  *Id.* at
134.  The Court remanded the case to EPA "for an explanation of
whether the agency has determined that all of the information
redacted by Uniroyal from its substantiation letter is properly
withheld under FOIA."  *Id.*  The explanation was due by June 30,
2003.  *Id.* at 135.

Pursuant to the Court's remand, defendant filed a
supplemental *Vaughn* declaration on May 16, 2003.  In its
supplemental declaration, the agency stated that it had conducted

3

another review of the information redacted by Uniroyal and had
determined that this information was properly withheld pursuant
to Exemption 4 of FOIA.

Plaintiff filed a Motion for Entry of Final Judgment on June
23, 2004 and defendant filed a Renewed Motion for Summary
Judgment on July 6, 2004.  In an Opinion dated March 16, 2005,
the Court denied plaintiff's motion and granted defendant's
motion.  Memorandum Opinion dated March 16, 2005 (the "2005
Order") at 5-6.  The Court held that final judgment in
plaintiff's favor was inappropriate at that stage of the
proceedings, and that plaintiff must file a separate motion for
attorney's fees if that was the purpose of its motion.  2005
Order at 3-4.  The Court also granted defendant's Renewed Motion
for Summary Judgment.  The Court found that in its supplemental
submission, EPA explained that it conducted another review of the
information redacted by Uniroyal in Uniroyal's substantiation
letter, and the Court determined that the information was
properly withheld from plaintiff under FOIA's Exemption 4.  2005
Order at 4-6.  Plaintiff did not contest that determination or
make any other claims under FOIA.  *Id.*  Therefore, "plaintiff has
successfully obtained all of the documents to which it is
entitled under FOIA and there is no more for the Court to do."
*Id.*

    **II.  Legal framework**

4

FOIA allows awards of attorney fees and costs to prevailing plaintiffs for two purposes: (1) "to encourage Freedom of Information Act suits that benefit the public interest" and (2) to serve "as compensation for enduring an agency's unreasonable obduracy in refusing to comply with the Freedom of Information Act's requirements." *LaSalle Extension Univ. v. Federal Trade Comm'n*, 627 F.2d 481, 484 (D.C. Cir. 1980). A court may "assess against the United States reasonable attorneys fees and other litigation costs reasonably incurred in any case under [the Act] in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Thus, in exercising its statutory discretion under the FOIA regarding attorney fees, the Court must engage in a two-step substantive inquiry: (1) whether the plaintiff is *eligible* for an award of fees and/or costs; and, if so, (2) whether the plaintiff is *entitled* to the award. *See Cotton v. Heyman*, 63 F.3d 1115, 1117 (D.C. Cir. 1995); *Tax Analysts v. U.S. Dept. of Justice*, 965 F.2d 1092, 1093 (D.C. Cir. 1992). Even if a plaintiff meets both of these tests, the award of fees and costs is within the Court's discretion. *Id*.

To be eligible for attorney's fees, a plaintiff must demonstrate that it "substantially prevailed." 5 U.S.C. § 552(a)(4)(E). The meaning of the phrase "substantially prevailed" is defined as a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home,*

*Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001).  Plaintiffs are generally considered prevailing parties if they succeed on "any significant issue in litigation which achieves some benefit the parties sought in bringing the suit." *Edmonds v. FBI*, 417 F.3d 1319, 1326 (D.C. Cir. 2005).

In determining whether a plaintiff is entitled to attorney's fees under FOIA, the Court must consider 1) the public benefit derived from the case; 2) the commercial benefit to the complainant; 3) the nature of the complainant's interest in the records sought; and 4) whether the government's withholding had a reasonable basis in law.  *See Cotton*, 63 F.3d at 1117; *Tax Analysts*, 965 F.2d at 1093.  These factors must be balanced, although failure to satisfy the fourth factor may foreclose a claim for attorney's fees.  *See, e.g., Chesapeake Bay Foundation*, 11 F.3d 211, 216-17 (D.C. Cir. 1993).

### III. Plaintiff is eligible for attorney's fees because the Court's Order of March 28, 2003 changed the legal relationship of the parties

A party has substantially prevailed if it has "been awarded some relief by [a] court, either in a judgment on the merits or in a court ordered consent decree." *Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy*, 288 F.3d 452, 456-57 (D.C. Cir. 2002).  Defendant argues that the parties' legal relationship never changed because plaintiff's lawsuit did not result in the release of any records.  Rather, defendant maintains, plaintiff

merely obtained a favorable procedural, interim ruling.  The end result was that the Court agreed that the documents were properly withheld.

This Circuit's opinion in *Edmonds v. FBI* emphasizes that when determining whether plaintiffs prevail, the Court should look to whether the Court's order "required some action . . . by the defendant," regardless of whether the relief was granted midway through the proceeding rather than at its end.  *Edmonds*, 417 F.3d at 1324.  Here, the remand order required defendant to undertake an action – to explain the reasons for its withholdings – and imposed a date certain for when that action must be completed.  *NCAP*, 254 F. Supp. 2d at 134.  That order changed the legal relationships of the parties and, therefore, is sufficient to establish plaintiff's eligibility for attorney's fees.

Defendant seeks to distinguish *Edmonds* because the Court's decision in that case ultimately resulted in the release of 343 pages of documents, whereas plaintiff in the present case did not receive a single document.  It is the remand order itself, however, rather than the eventual number of pages released, that marks the change in the relationship of the parties.  *See Kean for Congress v. FEC*, No. 04-0007, 2006 WL 89830 at * 2-3 (D.D.C. Jan. 13, 2006)("Plaintiff satisfies the elements of the 'prevailing party' inquiry. . . .[T]he Court's remand order caused a change in the legal relationship between the parties

because it required FEC to do something it otherwise would not have been under an obligation to do-reconsider the plaintiff's administrative complaint in light of *McConnell* within 60 days of the Court's order.").  In this case, the Court's remand order required action by the EPA that EPA otherwise believed it had no duty to perform - explain whether the agency determined that all of the information sought by plaintiff was properly withheld. Thus, the Court concludes that plaintiff "substantially prevailed" and is eligible for attorney's fees.

### IV.  Plaintiff is entitled to attorney's fees because the balance of the factors favor plaintiff

In determining whether a plaintiff is entitled to attorney's fees under FOIA, the Court must consider 1) the public benefit derived from the case; 2) the commercial benefit to the complainant; 3) the nature of the complainant's interest in the records sought; and 4) whether the government's withholding had a reasonable basis in law.  *See Cotton*, 63 F.3d at 1117; *Tax Analysts*, 965 F.2d at 1093.  Defendant does not challenge plaintiff's entitlement on the second and third factors. Although the Court agrees with the defendant that the public benefit factor weighs in its favor, the fourth factor favors the plaintiff.  Because plaintiff can satisfy three out of four factors, they are entitled to reasonable attorney's fees.

The "public benefit" factor "speaks for an award [of attorney fees] when the complainant's victory is likely to add to

8

the fund of information that citizens may use in making vital political choices." *Cotton*, 63 F.3d at 1120 (quoting *Fenster v. Brown*, 617 F.2d 740, 744 (D.C. Cir. 1979)).  "The only way to comport with this directive is to evaluate the specific documents at issue in the case at hand." *Id.*  In *Cotton*, the Court found that "no evidence exists that the release of the two non-exempt documents will contribute to the public's ability to make vital political choices." *Id.*  Here, plaintiff received no documents. Therefore, plaintiff cannot satisfy this factor.

The balance of the factors, however, favor the plaintiff. Defendant does not dispute that plaintiff prevails on the second and third factors.  Defendant argues that the fourth factor is not satisfied because there has been no finding that EPA's withholdings under FOIA were improper.  The Court's 2003 Order, defendant argues, simply directed the Agency to take another look at the records at issue; it did not compel the release of any additional records.  The EPA determined that no additional records would be released, and the Court validated that conclusion by granting EPA summary judgment in 2005.

The appropriate baseline, however, is not the Court's 2005 order but the Court's 2003 order, which found that the "EPA had not fully complied with the requirements of FOIA." *NCAP*, 254 F. Supp. 2d at 130.  At that time, the Court was not persuaded that the documents were reasonably withheld, and remanded the case to

9

EPA for a determination of whether all of the information was properly withheld and to identify the basis for any conclusion in the affirmative.

At that juncture, therefore, the EPA had not demonstrated a reasonable basis for withholding the information.  Only through litigation was defendant obligated to articulate its reasons for withholding, which were eventually affirmed by this Court.  To deny attorney's fees because defendant's withholdings were eventually found reasonable would thwart the purposes of awarding attorney's fees under the Act.  *LaSalle Extension Univ. v. Federal Trade Comm'n*, 627 F.2d at 484 (holding that the two purposes for allowing attorney's fees were (1) "to encourage Freedom of Information Act suits that benefit the public interest" and (2) to serve "as compensation for enduring an agency's unreasonable obduracy in refusing to comply with the Freedom of Information Act's requirements.").  Had EPA complied fully with the request in the first instance, further litigation could have been avoided.  Because EPA initially failed to provide an adequate response to plaintiff's FOIA request, EPA forced plaintiff into a litigation posture, which resulted in the Court's Order granting in part plaintiff's Motion for Summary Judgment.  Therefore, plaintiff is entitled to compensation for the fees and costs incurred to secure compliance with FOIA.

## V.   Reasonableness of the Requested Award

Fee awards are calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate, resulting in a lodestar amount.  *See Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980).  As public interest lawyers, the Western Environmental Law Center's counsel do not have customary billing rates, as most private practice attorneys do.  Nevertheless, public interest attorneys may be awarded reasonable fees calculated "according to the prevailing market rates in the relevant community."  *Blum v. Stenson*, 465 U.S. 886, 896 (1984) (fees awarded based on prevailing rate whether plaintiff is represented by private or nonprofit counsel); *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995); *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988).

In this Circuit, fee awards may be calculated based on the *Laffey* Matrix because, in the absence of a specific sub-market analysis of attorney fees, "use of the broad Laffey matrix may be by default the most accurate evidence of a reasonable hourly rate."  *Covington*, 57 F.3d at 1114 n.5.  The United States Attorney's Office for the District of Columbia publishes on its website the *Laffey* Matrix rates.

NCAP requests, and defendant does not oppose, that hourly fees be calculated under the Laffey Matrix.  Plaintiff seeks

11

$41,711.69 in legal fees and costs,[2] which includes 140.6 hours by five different attorneys and 22.5 hours by legal interns. Defendant challenges the hours as excessive.  In particular, defendant contends that it should not be required to compensate plaintiff for the hours attributed to briefing plaintiff's Motion for Entry of Final Judgment, which was unnecessary and which plaintiff ultimately lost.

The Court agrees that plaintiff should not be compensated for its unnecessary and unsuccessful "Motion for Entry of Judgment" filed in June of 2004.  In its Order of March 16, 2005, the Court found that defendant "ha[d] complied with this Court's March 28, 2003 Order by submitting the supplemental explanation for EPA's determinations under FOIA [and] . . . . that plaintiff does not contest that determination or make any other claims under FOIA."  2005 Order at 5-6.  The Court held that "[P]laintiff has successfully obtained all of the documents to which it is entitled under FOIA and there is no more for the Court to do."  *Id.* at 6.

Thus, plaintiff's Motion for Entry of Judgment was entirely unnecessary, and plaintiff should not be compensated for needless litigation.  Review of plaintiff's fee report demonstrates that plaintiff spent 16.15 hours preparing for that round of

---

[2]Defendant does not dispute plaintiff's calculation of its costs, which total $1925.03.

briefings.  When those hours are subtracted from plaintiff's total hours of 140.6, and the adjusted total is 124.45 hours.

Defendant further argues that plaintiff applied the wrong hourly rate.  Attorney's fees awarded against the U.S. must be based on the prevailing rates at the time the services were performed, not rates at the time of the award.  *See NCAP v. Browner*, 965 F. Supp. 59, 66 (D.D.C. 1997).  In its reply brief, plaintiff concedes that it initially applied the wrong rates for work prior to 2003 and suggested that, for the Court's convenience, the Court reduce all rates by an average of 7.5% (an average in the defendant's favor).

Rather than use this approximation, however, the Court directs the plaintiff to submit an amended fee report which applies the appropriate rate to the adjusted total hours of 124.45.

**VI.  Conclusion**

For the foregoing reasons, the Court concludes that plaintiff's Motion for Attorney's Fees is GRANTED IN PART and DENIED IN PART and fees and costs should be awarded to plaintiff.


**Signed:    Emmet G. Sullivan**
**           United States District Judge**
**           March 21, 2006**

13