**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
NORTHWEST COALITION FOR          )
ALTERNATIVES TO PESTICIDES,      )
                                 )
             Plaintiff,          )
                                 )  Civil Action No. 99-437 (EGS)
             v.                  )
                                 )
ENVIRONMENTAL PROTECTION         )
AGENCY,                          )
                                 )
             Defendant.          )
_____ )
```

**<u>MEMORANDUM OPINION</u>**

Pending before the Court is plaintiff Northwest Coalition
for Alternatives to Pesticides' ("NCAP") Supplemental Motion for
an Award of Attorney Fees and Costs, and defendant Environmental
Protection Agency's ("EPA") Motion for Reconsideration of this
Court's March 2006 Opinion.  These motions arise from plaintiff's
lawsuit against EPA pursuant to the Freedom of Information Act
("FOIA"), 5 U.S.C. § 552.  In March 2006, this Court granted in
part and denied in part plaintiff's Motion for an Award of
Attorney Fees and Costs, finding plaintiff entitled to attorney's
fees, but also finding there to be insufficient information to
determine the exact amount of fees.  *NCAP v. EPA*, 421 F. Supp. 2d
123, 125-26 (D.D.C. 2006).  Plaintiff was ordered to submit an
amended request for attorney fees, *id.* at 130, and did so in its
Supplemental Motion.  As part of its response, defendant moved

1

this Court to reconsider its March 2006 Opinion on the grounds
that plaintiff is not eligible for attorney fees.

Upon consideration of the parties' motions, the responses
and replies thereto, relevant cases decided since March 2006, and
the entire record, the Court determines that plaintiff is not in
fact eligible for attorney fees because plaintiff was not awarded
relief on the merits of its FOIA claim.  Therefore, for the
reasons stated herein, defendant's Motion for Reconsideration is
**GRANTED** and plaintiff's Supplemental Motion for Attorney Fees is
**DENIED**.

## BACKGROUND

Plaintiff's claim arises from an April 1997 FOIA request for
copies of substantiation comments submitted by five companies.
*See generally NCAP v. EPA*, 254 F. Supp. 2d 125, 128-29 (D.D.C.
2003) ("*NCAP I*") (describing factual and procedural background of
this case); *NCAP v. EPA*, 421 F. Supp. 2d 123, 126 (D.D.C. 2006)
("*NCAP II*") (same).  Plaintiff brought this suit claiming that
EPA's failure to fully respond to its FOIA request, and its delay
in responding, was a violation of FOIA.  Plaintiff also argued
that the EPA regulation, pursuant to which the agency withheld a
substantiation letter responsive to NCAP's request, violated FOIA
and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.

Both parties filed motions for summary judgment and, on

2

March 28, 2003, this Court granted in part plaintiff's motion and granted in part defendant's motion. *NCAP I*, 254 F. Supp. 2d at 134. The Court granted summary judgment for defendant on the APA claim, finding the claim not ripe for judicial review. *Id.* On the FOIA claim, the Court granted summary judgment for plaintiff, concluding that EPA had failed to provide an adequate response to plaintiff's FOIA request. *Id.* The Court remanded the case to EPA "for an explanation of whether the agency has determined that all of the information redacted by Uniroyal from its substantiation letter is properly withheld under FOIA." *Id.*

Pursuant to the Court's remand, EPA filed a supplemental *Vaughn* declaration, stating that it had conducted further review and had determined that this information was properly withheld pursuant to Exemption 4 of FOIA. Subsequently, plaintiff filed a Motion for Entry of Final Judgment and defendant filed a Renewed Motion for Summary Judgment. Memorandum Opinion dated March 16, 2005 (the "2005 Order") at 5-6. The Court denied plaintiff's motion, holding that final judgment in plaintiff's favor was inappropriate at that stage of the proceedings. *Id.* at 2-4. The Court granted defendant's motion, holding that the information at issue was properly withheld under FOIA's Exemption 4. *Id.* at 4-6. Plaintiff did not contest that determination or make any other claims under FOIA. *Id.* at 5.

Based on the 2005 Order, plaintiff filed a Motion for an

Award of Attorney Fees and Costs in the amount of $41,711.69.   In
March 2006, this Court granted in part and denied in part
plaintiff's Motion.   *NCAP II*, 421 F. Supp. 2d at 125-26.   The
Court found plaintiff eligible for attorney fees, holding that
plaintiff had substantially prevailed in its action because the
Court's 2003 order remanding the case to EPA had changed the
legal relationship of the parties.   *Id.* at 127.   The Court
further found plaintiff entitled to attorney fees.   *Id.* at 128-
29.   Regarding the exact amount of attorney fees, the Court found
that plaintiff had utilized the wrong hourly rate in its fees
calculation, and ordered plaintiff to submit an amended fee
report that applied the appropriate rate.   *Id.* at 130.

Plaintiff filed a Supplemental Motion for an Award of
Attorney Fees and Costs, seeking $48,633.00 in fees after
incorporating the appropriate hourly rate and adding fees for
additional work.   Defendant opposed this motion on its merits,
and also filed a Motion for Reconsideration of the Court's March
2006 decision under Federal Rule of Civil Procedure 54(b).
Defendant argues that because the Court did not order the
disclosure of any documents, plaintiff cannot be considered a
prevailing party on its claims, and therefore is not eligible for
attorney fees.

**ANALYSIS**

Defendant's motion for reconsideration is evaluated under
Rule 54(b) because the Court's March 2006 decision was not a
final order.  *See Cobell v. Norton*, 224 F.R.D. 266, 271-72
(D.D.C. 2004).  Under Rule 54(b), the Court may reconsider and
revise interlocutory decisions "as justice requires."  *Id.* at
272.  Courts have somewhat greater discretion to reconsider
interlocutory rather than final orders, and may do so for reasons
such as an intervening, significant change in the relevant law.
*See id.* at 272-73.

To be eligible for attorney's fees under FOIA, a plaintiff
must demonstrate that it "substantially prevailed."  5 U.S.C. §
552(a)(4)(E).  A party has substantially prevailed if it has
"been awarded some relief by [a] court, either in a judgment on
the merits or in a court ordered consent decree."  *Oil, Chem. &
Atomic Workers Int'l Union, AFL-CIO v. Dep't of Energy*, 288 F.3d
452, 456-57 (D.C. Cir. 2002).  In the 2006 opinion, this Court
analyzed the eligibility question by focusing on whether the
Court's 2003 order changed the legal relationship of the parties.
*See NCAP II*, 421 F. Supp. 2d at 127-28.  The Court found that
because the 2003 remand order required a specific action by the
EPA, it altered the parties' legal relationship, and was
therefore sufficient to establish Plaintiff's eligibility for
attorney fees.  *See id.*

A more recent D.C. Circuit opinion, however, has clarified the law regarding fee eligibility and provided a framework for determining if a party "substantially prevailed" in its FOIA action.  *See Davy v. CIA*, 456 F.3d 162, 165 (D.C. Cir. 2006). The Circuit court determined whether a plaintiff substantially prevailed due to a court's order by requiring two factors be met: (1) the "order changed the legal relationship between the plaintiff and the defendant," and (2) the plaintiff "was awarded some relief on the merits of his claim."  *Id.*  This Court's 2006 opinion answered the first question in the affirmative, but did not address the second question.

In addition, a recent decision by a colleague on this Court applied the *Davy* test in a case extremely similar to the one at hand.  *See Campaign For Responsible Transplantation v. FDA*, 448 F. Supp. 2d 146 (D.D.C. 2006) (hereinafter "CRT").  In that case, also a FOIA action, the court had issued an order finding the government's *Vaughn* index to be inadequate, and directing the government the produce a more detailed index.  *Id.* at 150-51. Once the government submitted its revised index, it prevailed on its motion for summary judgment, as the court held that the FDA properly withheld the contested documents.  *Id.* at 152. Analyzing the second prong of the *Davy* test, the court found that "the plaintiff here failed to obtain a court order on the precise relief it sought – immediate release of withheld documents."  *Id.*

It held that the court's order requiring the agency to redo its *Vaughn* index did not constitute a victory by the plaintiff on the merits of the FOIA action. *Id.* Therefore, the court held that its remand order was not a sufficient basis for finding that the plaintiff "substantially prevailed." *See id.*

As in *CRT*, plaintiff in this case did receive a more detailed explanation from the government about the decision to withhold documents, but ultimately failed to obtain the relief it sought – release of the withheld documents. *See NCAP I*, 254 F. Supp. 2d at 134; 2005 Order at 4-6. This Court's 2003 order remanding the case to the agency did satisfy the first prong of the *Davy* test for the reasons discussed in the 2006 opinion. *See Davy*, 456 F.3d at 165; *NCAP II*, 421 F. Supp. 2d at 127-28. The remand order, however, did not satisfy the second prong because the Court later found that the EPA has properly withheld the contested documents and did not order them released to plaintiff. *See Davy*, 456 F.3d at 165; *C.R.T.*, 448 F. Supp. 2d at 152. Therefore, under *Davy*, plaintiff has not "substantially prevailed" in its action, and is thus not eligible for attorney fees under FOIA.

## CONCLUSION

The Court concludes that plaintiff is not a prevailing party, and therefore not eligible for attorney fees because it

was not awarded relief on the merits of its FOIA claim.

Accordingly, defendant's Motion for Reconsideration is **GRANTED**

and plaintiff's Supplemental Motion for Attorney Fees is **DENIED**.

An appropriate Order accompanies this Memorandum Opinion.


**Signed:**     **Emmet G. Sullivan**
            **United States District Judge**
            **February 7, 2007**